FILED

September 4, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:51 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| **Michael Gilbert,** | )    **Docket No.: 2015-02-0057** |
|          **Employee,** | ) |
| **v.** | )    **State File No.: 5520-2015** |
| | ) |
| **Pike Electric, LLC,** | )    **Date of Injury: October 15, 2014** |
|          **Employer,** | ) |
| **And** | )    **Judge: Brian K. Addington** |
| | ) |
| **Liberty Mutual Insurance Co.,** | ) |
|          **Insurance Carrier.** | ) |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge on August 31, 2015, for an Expedited Hearing to determine whether Employer, Pike Electric, LLC, (Pike) must provide Employee, Michael Gilbert, a panel of physicians for a second opinion. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Gilbert is entitled to the requested medical benefits.

## ANALYSIS

### Issue

*Whether Mr. Gilbert is entitled to an evaluation by another physician.* [1]

### Evidence Submitted

The Court admitted into evidence the exhibits below:

---

[1] Although other issues were marked on the Dispute Certification Notice, the parties acknowledged this was the only issue before the Court.

1. Two Form C-42 panel selections made by Mr. Gilbert; and,
2. A May 12, 2015 letter from defense counsel to Mr. Gilbert's attorney.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), March 24, 2015
- Dispute Certification Notice (DCN), May 28, 2015
- Agreed Order Setting the Expedited Hearing, August 27, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

The parties stipulated the following:

- Mr. Gilbert worked for Pike as a lineman when he suffered an injury while working in a bucket truck on October 15, 2014.
- Mr. Gilbert gave Pike proper notice of the injury, and Pike accepted the claim as compensable.

No witnesses provided in-person testimony.

## History of Claim

Mr. Gilbert is a thirty-seven-year-old resident of Claiborne County, Tennessee. On October 15, 2014, he injured his neck and shoulder while working in a bucket truck in the course and scope of his employment for Pike. Pike accepted the claim as compensable.

As part of its efforts to provide Mr. Gilbert with medical treatment, Pike presented a Form C-42 panel of physicians, from which Mr. Gilbert selected Dr. Shannon Hancock on January 26, 2015. (Ex. 1 at 1.) Dr. Hancock began treating Mr. Gilbert and ordered an MRI of his cervical spine, and, after reviewing the results of same, referred Mr. Gilbert to a neurosurgeon for further evaluation and treatment.

Pike responded by providing Mr. Gilbert with a second panel, comprised of Drs. David Hauge, Merrill White, and Paul Johnson. (Ex. 1 at 2.) Mr. Gilbert selected Dr. White, an orthopedic spine surgeon, from the panel on February 20, 2015. *Id.*

Dr. White began treating Mr. Gilbert on March 4, 2015. Sometime after the initial appointment, Mr. Gilbert and Dr. White had a disagreement over diagnosis.

The parties did not enter any medical records into evidence. Mr. Gilbert's attorney

2

argued Dr. White referred Mr. Gilbert for a second opinion. During the hearing, defense counsel declined to stipulate Dr. White did so. However, according to defense counsel, Pike finally acquiesced to Mr. Gilbert's request and, in an attempt to resolve any disagreement, set an appointment with Dr. Thomas Koenig. The parties entered into evidence a May 12, 2015 letter from defense counsel to Mr. Gilbert's attorney, wherein defense counsel advised as follows:

> At Mr. Gilbert's last medical appointment, Dr. White recommended that he obtain a second opinion. This second opinion has been scheduled with Dr. Thomas Koenig to take place at 3:30 p.m. on May 28, 2015. . . . By copy of this letter, I have advised the Tennessee Department of Labor that this second opinion has been scheduled. Please advise if the Petition for Benefit Determination filed on March 24, 2015 will be withdrawn in light of this development.

(Ex. 2.)

Mr. Gilbert's attorney acknowledged during the Expedited Hearing he advised his client not to report to the scheduled appointment, as it did not result from a panel selection. Mr. Gilbert did not call to cancel or appear for the appointment, which resulted in costs incurred by Pike.

The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed the DCN on May 28, 2015. When the parties did not file a Request for Expedited Hearing or a Request for Initial Hearing within sixty days of the issuance of the DCN, the Court set a Show Cause Hearing, which took place on August 26, 2015. At the Show Cause Hearing, the parties agreed to set the Expedited Hearing on August 31, 2015.

### Mr. Gilbert's Contentions

Mr. Gilbert asserts that, on May 12, 2015, his authorized treating spine surgeon, Dr. White, referred him for a second opinion. Mr. Gilbert wants a second opinion concerning his diagnosis. Mr. Gilbert contends Pike responded in a manner contrary to the law's requirements when it simply set an appointment with Dr. Koenig, a doctor of its choosing, without providing a physician panel. Mr. Gilbert argues that Tennessee Code Annotated section 50-6-204(a)(3)(C) (2014) requires Pike to provide a panel under such circumstances.

Mr. Gilbert acknowledges that Dr. Koenig may provide an independent medical evaluation for Pike, but contends that setting the appointment with Dr. Koenig does not relieve Pike of its obligation to provide Mr. Gilbert with a panel for a second opinion on the issue of diagnosis and appropriate treatment.

3

Before receiving the panel from which he selected Dr. White, Pike provided a panel that included Drs. James Killeffer, Joel Ragland, and Dr. White. Mr. Gilbert claims he chose Dr. Killeffer from that panel, but Pike did not set an appointment and later presented the panel from which he selected Dr. White. His new panel of physicians should be a four-member panel and include Drs. Killeffer, Ragland, Hauge and Johnson.

## Pike's Contentions

Pike argues that Mr. Gilbert is not entitled to a second opinion. Pike contends Dr. White made no referral for a second opinion on the issues of surgery or diagnosis. As a result, Pike asserts Tennessee Code Annotated section 50-6-204(a)(3)(C) (2014) does not apply to the presented dispute. Pike points out it arranged for a second opinion with Dr. Koenig, given Mr. Gilbert's request. It has complied with its obligations to provide medical treatment to Mr. Gilbert.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party, but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Factual Findings*

Pike provided Mr. Gilbert with a panel of physicians, from which he chose his initial authorized provider, Dr. Shannon Hancock, on January 26, 2015. Dr. Hancock referred Mr. Gilbert to a neurosurgeon. In response, Pike provided a second panel of physicians consisting of spine surgeons. Mr. Gilbert chose Dr. Merrill White from the second panel and began treating with Dr. White on March 4, 2015. Later, Dr. White and Mr. Gilbert disagreed over diagnosis. Mr. Gilbert wants a second opinion on diagnosis and appropriate treatment.

4

*Application of Law to Facts*

The question presented to the Court is whether Tennessee Code Annotated section 50-6-204(a)(3)(C) (2014) entitles Mr. Gilbert to a second opinion on the issue of diagnosis, and if it does, is he entitled to and a new panel of physicians from which to select a physician to render that opinion. The statute reads as follows:

> In cases where the employee has provided a panel of specialists pursuant to subdivision (a)(3)(A)(i) of this section, the employee may choose one (1) of the two (2) remaining specialists to provide a second opinion on the issue of surgery and diagnosis. The employee's decision to obtain a second opinion shall not alter the previous selection of the treating physician or chiropractor.

Tenn. Code Ann. § 50-6-204(a)(3)(C) (2014).

Pike provided a panel of specialists, pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014), upon Dr. Hancock's referral to a neurosurgeon. The specialist panel consisted of Drs. White, Hauge, and Johnson. Mr. Gilbert selected and treated with Dr. White. The two disagreed over diagnosis. Regardless of whether Dr. White made a referral for a second opinion, the Workers' Compensation Law gives Mr. Gilbert the option of seeking a second opinion "on the issue of surgery and diagnosis" from the remaining two physicians on the specialist panel. Consequently, Mr. Gilbert is entitled to choose either Dr. Hauge or Dr. Johnson as the physician who may render a second opinion. No new panel is required of Pike, nor is Pike required to include in the panel the names of physicians who allegedly comprised a previous panel.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Gilbert is entitled to a second opinion on the issue of diagnosis and may choose either Dr. Hauge or Dr. Johnson from the original specialist panel. Pike or its workers' compensation carrier shall set an appointment with the physician Mr. Gilbert chooses.

2. This matter is set for a Scheduling Hearing on November 2, 2015, at 2:30 p.m. Eastern Time.

ENTERED on this the 4th day of September, 2015.

**Judge Brian K. Addington**
**Court of Workers' Compensation**

5

<u>Initial (Scheduling) Hearing</u>:

An Initial Hearing has been set with **Judge Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the

purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order For Medical Benefits was sent to the following recipients by the following methods of service on this the 4th day of September, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Ameesh Kherani, Esq. | | | X | akherani.dhdlaw@gmail.com |
| Lynn Peterson, Esq. | | | X | lpeterson@lewisthomason.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7